[No. B092270. Second Dist. Apr. 15, 1997.]

ROBERT G. BITTERS, Plaintiff and Respondent, v.
NETWORKS ELECTRONIC CORPORATION, Defendant and Appellant.

## Opinion

**THE COURT.\***—Approximately two years ago, appellant Networks Electronic Corporation filed a notice of appeal in this case. To date, the record on appeal has not been completed, due to the failure of the lead reporter, Susan Gollaher, to prepare the reporter's transcript. Appellant paid the reporter directly for the transcript; the reporter absconded with the fees and failed to prepare the transcript. We issued orders to show cause directed to appellant and the Clerk of the Los Angeles Superior Court to determine whether (1) the appeal should be dismissed unless appellant redeposits the estimated fees with the clerk or (2) the clerk should be ordered to prepare the reporter's transcript at the superior court's expense.

### Factual and Procedural Background

Appellant's counsel contacted the lead reporter to obtain an estimate for the preparation of a reporter's transcript for the purpose of an appeal. The reporter provided an estimate of $3,400. On April 17, 1995, appellant filed a

---

\*Before Woods, Acting P. J., Grignon, J., and Boren, P. J.

notice of appeal and paid $1,700 directly to the reporter at her Simi Valley home.[1] On April 27, 1995, appellant filed a notice to prepare the reporter's transcript with a waiver of deposit (Cal. Rules of Court, rule 4(c)) signed by the reporter. On July 11, 1995, appellant paid an additional $1,500 directly to the reporter. On August 4, 1995, appellant paid an additional $2,327.60 directly to the reporter at a motel in New Mexico. On September 1, 1995, the reporter telephoned appellant's counsel from Tennessee and requested an additional $695, claiming the transcript was completed. On September 5, 1995, appellant paid an additional $695 directly to the reporter in Tennessee. The reporter has not prepared the reporter's transcript, her whereabouts are unknown, and she has apparently absconded with the $6,222.60 in fees paid to her by appellant.

The reporter was hired by the superior court in January 1990. She was consistently evaluated as an outstanding reporter. The superior court had no notice of any fraudulent conduct or delinquencies on the part of the reporter. From April 17, 1995, to June 9, 1995, the reporter was absent from the courtroom for various reasons including bereavement, jury duty, vacation, illness and leave without pay. On June 12, 1995, she was absent due to a temporary back disability. She was scheduled to return to work on July 20, 1995, but did not do so, and all efforts to contact her were unsuccessful. She was terminated on August 2, 1995.

On July 12, 1995, this court issued an OSC directed to the reporter with respect to certain delinquent criminal transcripts. The reporter did not appear for the hearing on the OSC on July 31, 1995, and the superior court arranged for other reporters to prepare the transcripts.

On December 19, 1996, this court issued an OSC to the clerk of the superior court with respect to the failure to file the record on appeal in the instant matter. The clerk responded that appellant had been dealing directly with the reporter, who had failed to prepare the reporter's transcript. The clerk's transcript had been prepared. On February 10, 1997, this court issued an OSC to both appellant and the clerk of the superior court in order to determine who was to bear the cost of the preparation of the reporter's transcript. It was appellant's position that the superior court was required to provide the reporter's transcript, because appellant had already paid in full for the preparation. The reporter's notes were available to the superior court for preparation of a transcript. It was the superior court's position that when appellant had undertaken to pay the reporter directly, rather than depositing

---

[1]Other amounts were paid directly to other reporters. These reporters have prepared their portions of the reporter's transcript and are not involved in these order to show cause (OSC) proceedings.

the fees with the court, it had assumed the risk of the reporter's delinquency. The superior court noted that it had received none of the fees, and the preparation of the transcript by another reporter would require payment to that replacement reporter. After briefing, we conducted a hearing on March 17, 1997.

## DISCUSSION

The California Rules of Court set forth procedures that require an appellant to deposit with the superior court the estimated fees for the preparation of a reporter's transcript and require the clerk to pay the reporter from the deposit when the transcript is completed. California Rules of Court, rule 4(a) provides in part: "When an appellant desires to present any point which requires a consideration of the oral proceedings or the instructions given by the court, whether written or oral, or of any instructions requested but refused by the court, the appellant shall serve on the respondent and file with the clerk of the superior court, within 10 days after filing of the notice of appeal, a notice to prepare a reporter's transcript of the oral proceedings and such instruction given, which cannot be copied by the clerk, that the appellant desires copied or transcribed. [¶] The notice filed with the clerk shall be accompanied by a deposit of the approximate cost of the transcript, either (1) pursuant to a written estimate secured from the reporter in advance, or (2) computed at $325 per fraction of a day's proceedings that appellant or counsel states did not exceed three hours, or $650 per day or fraction of a day's proceedings greater than three hours, to be transcribed. The deposit shall be accompanied by directions to the clerk to retain the deposit and use it to pay the reporter's fee when the transcript is complete. The clerk shall not file the notice unless it is accompanied by the deposit, a waiver of deposit by the reporter, an order relieving the appellant of the obligation of making the deposit, or an original of a transcript of the proceedings specified . . . . [¶] When the transcript is completed, the reporter shall bill the appellant at the statutory rate with a copy to the clerk, and the clerk shall pay the reporter from the funds deposited and promptly refund any excess deposit to the appellant or give notice to the appellant of any additional funds needed. If more than one reporter is producing the transcript, the clerk shall pay promptly each reporter who certifies under penalty of perjury that all of his or her portions of the transcript are completed."

The California Rules of Court also provide for the use of an alternative procedure at an appellant's option. California Rules of Court, rule 4(c) further provides: "The appellant . . . may substitute the reporter's written waiver of a deposit for a deposit of fees required by this rule."

"When the record on appeal has been completed in accordance with these rules the clerk [of the superior court] shall forthwith transmit any original transcripts . . . to the reviewing court." (Cal. Rules of Court, rule 10(b).) "After the filing of a notice of appeal, the failure of any court reporter or clerk to perform a duty imposed on him by statute or these rules which delays the filing of the record on appeal is an unlawful interference with the proceedings of the reviewing court and may be treated as such in addition to or in lieu of any other sanction imposed by law for the same breach of duty." (Cal. Rules of Court, rule 46.5.) "If the appellant fails to perform any act necessary to procure the filing of the record within the time allowed or within any valid extension of that time, and such failure is the fault of the appellant and not of any court officer or any other party, the appeal may be dismissed on motion of the respondent or on the reviewing court's own motion." (Cal. Rules of Court, rule 10(c).)

■ In this case, appellant chose to deal directly with the reporter rather than deposit the fees with the superior court. In making this decision, appellant assumed the risk of loss should the reporter fail to prepare the transcript. If an appellant deposits the fees with the superior court and the reporter fails to produce the transcript, the fees are available for payment to a replacement reporter. Use of this court deposit procedure both ensures timely payment of the reporter and provides protection of appellant from a reporter's default. When an appellant elects to use the alternative waiver procedure, the safeguards of the court deposit procedure are defeated. The superior court cannot elect to refuse the waiver of deposit; an appellant has a right to make this election under the court rules.

In addition, the superior court had no notice of any problems with the reporter until it received, on July 12, 1995, notice from this court of an OSC on certain delinquent criminal transcripts. It had no notice of any problem in the preparation of this transcript. Moreover, the reporter had been an outstanding reporter from 1990 until April 1995, and in April 1995, the reporter was on leave. In addition, appellant and its counsel possessed information which reasonably should have caused them to be suspicious. Appellant was advised in April 1995 that the reporter was on extended leave from the superior court. Appellant knew that the reporter was not at the court and sent money to the reporter at her home. The reporter made repeated demands for additional funds without producing any portion of the transcript. In August 1995, appellant knew that the reporter was in a motel in New Mexico and sent additional money to her in New Mexico. In September 1995, appellant knew the reporter was in Tennessee and sent additional money to the reporter in Tennessee.

Where both appellant and the superior court appear to have been taken advantage of by the reporter, fairness dictates that the party which could have best prevented the fraud should bear the loss.

## DISPOSITION

Within 15 days of the date of this order, the clerk of the superior court is ordered to provide to appellant an accurate estimate of the cost to transcribe the notes of the delinquent reporter, Susan Gollaher. In the event that appellant fails, within 15 days of the date of the estimate, to deposit with the clerk of the superior court the estimated fees for the reporter's transcript, the clerk of the superior court is ordered to immediately advise this court in writing and the appeal shall be dismissed forthwith.

Upon deposit of the estimated fees by appellant, the clerk of the superior court is directed to complete and file the reporter's transcript in conformance with California Rules of Court, rule 4(d).

The order to show cause as to the clerk of the superior court is discharged. The order to show cause as to appellant is hereby discharged.